IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Ignition Athletic Performance Group, LLC, | : | Case No. 1:06-cv-242 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Speed City International Corp., *et al.*, | : | ORDER DENYING MOTION FOR |
| | : | DEFAULT JUDGMENT |
| Defendants. | : | |

This matter comes before the Court on Plaintiff Ignition Athletic Performance Group, LLC's Motion for Entry of Default Judgment against Defendants Speed City International Corporation and Multi Sport International, Inc. (Doc. #4.) For the reasons below, the Motion (doc. #4) is **DENIED**.

**I.    BACKGROUND**

Plaintiff Ignition Athletic Performance Group, LLC ("Ignition") filed this suit against Speed City International Corporation ("Speed City") and Multi Sport International, Inc. ("Multi Sport") (collectively "Defendants") in April 2006, alleging that Defendants have violated the federal Lanham Act, 15 U.S.C. 1051 *et seq.*, the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.01 *et seq.*, and Ohio unfair competition law by manufacturing, marketing and distributing an instructional video and DVD entitled *Visual Ignition*. (Doc. #1.) On the same day Ignition filed its complaint, the Clerk of Court issued summons to both Defendants at an address identified on the summons as belonging to a registered agent. (Doc. #2.)

On June 16, 2006, Ignition filed its pending Motion for Entry of Default Judgment ("Default Motion") (doc. #4). As of this Order, neither Defendant has filed an opposition to

1

Ignition's Default Motion, answered Ignition's complaint, or otherwise entered an appearance in this action. However, no returns of summons or other proofs of service have been separately entered in the docket for this action.

## II. ANALYSIS

Ignition brings its Default Motion pursuant to Federal Rule of Civil Procedure 55(b), which provides, in relevant part:

> (b) **Judgment**. Judgment by default may be entered as follows:
>
> (1) **By the Clerk**. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear . . . .
>
> (2) **By the Court**. In all other cases the party entitled to default shall apply to the court therefor . . . .

Fed. R. Civ. P. 55(b)(1), (2); see also doc. #4 at 1.

In light of the general presumption that legal disputes are best resolved on their merits, default judgment is a "drastic step" that should be reserved for relatively "extreme cases." United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845-46 (6th Cir. 1983). While the decision to issue a default judgment is generally committed to the trial court's discretion, that discretion is not "unfettered." Shephard Claims Serv., Inc., v. William Darrah & Assoc., 796 F.2d 190, 193 (6th Cir. 1986). Default judgments are less appropriate where it appears that an alleged default may stem from some "honest mistake," and not "willful misconduct, carelessness, or negligence." See, e.g., id. Such judgments are also presumptively void wherever the issuing court lacks jurisdiction over the parties or subject matter or default would

2

raise other due process concerns.  See, e.g., Antoine v. Atlas Turner, 66 F.3d 105, 110 (6th Cir. 1995).

### A. Failure to File Predicate Rule 55(a) Motion for Entry of Default

In order to obtain default judgment under Federal Rule 55(b), parties must first move for entry of default under Rule 55(a), which provides that

> When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a); United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983); see also, e.g., Ramada Franchise Sys., Inc. v. Baroda Enter., Inc., 220 F.R.D. 303, 305 (N.D. Ohio 2004) and Raimondo v. Village of Armada, 197 F. Supp. 2d 833, 837-38 (E.D. Mich. 2002).

The record indicates that Ignition has never sought a Rule 55(a) entry of default against either Defendant.  Rather, Ignition has moved directly – and hence prematurely – for the entry of a default judgment pursuant to Rule 55(b).[1]  (Doc. #4.)  If it were satisfied that entry of default were appropriate in this case, the Court could construe Ignition's pending Default Motion as incorporating a 55(a) motion for entry of default and direct the Clerk to simply enter that default. See, e.g., Baroda, 197 F. Supp. 2d at 305.  The Court declines to do so, however, because the record does not provide sufficient assurance that Defendants have been properly served with process as issuance of default judgment under 55(b) would require.

---

[1] While Ignition does not specify the subsection of Rule 55(b) under which it seeks default, the Default Motion is more appropriately interposed under subsection (b)(2) of the Rule, which provides for default judgment in cases where the plaintiff's claim is not for a sum certain. Cf. Fed. R. Civ. P. 55(b)(1) and (b)(2).  Ignition's Default Motion seeks only injunctive relief, fees, and costs.  (See doc. 4 at 1-2.)

3

**B.     Failure to Notice Service of Process**

No valid judgment, including a default, may issue against a party who has not been properly served with process and made subject to the court's jurisdiction.  See LSJ Inv. Co. v. O.L.D., Inc., 167 F.3d 320, 322-24 (6th Cir. 1999); Antoine, 66 F.3d at 110.  Service is proper only where it complies with the formal requirements of Federal Rule of Civil Procedure 4 and also satisfies federal due process requirements by providing "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of [an] action and afford them an opportunity to present their objections." LSJ, 167 F.3d at 323 (citing in part Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

To satisfy Federal Rule 4, Ignition must serve Speed City and Multi Sport by one of the procedures enumerated in the Rule, in Ohio state law, or in the law of the state in which Ignition attempts service (if not Ohio).  LSJ, 167 F.3d at 322-24; see also Fed. R. Civ. P. § 4(h)(1) (referencing § 4(e)(1)).  Under both the Federal and Ohio civil rules, a domestic corporation may be served by delivering a copy of the summons and complaint to the corporation's officer, manager, general agent, or any "agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1); Ohio Civ. R. 4.2(F).  The Ohio rules further provide for service "by certified or express mail at any of [the corporation's] usual places of business." Ohio Civ. R. 4.2(F).  Defendant corporations that do not currently reside in Ohio or are otherwise absent from the state may be served out of state by certified or express mail.  Ohio Civ. R. §§ 4.3(A), (B)(1).

The docket in this action indicates that in April 2006, the Clerk issued summons for both Speed City and Multi Sport at the address of an individual – "X M Frangscona, Jr." – identified

4

in the summons as Defendants' "registered agent."  (Doc. #2.)  However, no notices of *returns* of these summons or alternative proofs of service[2] have been entered in the docket.  The only indication that Defendants have been properly served comes in the form of exhibits to Ignition's Default Motion: an affidavit from Ignition's counsel attesting that both Defendants were served via the aforementioned "registered agent" on May 1, 2006, and referencing attached copies of "executed Return of Service declarations."  (See doc. #4 Exs. 4, 8, 9.)  These proofs, or any alternative proofs of service Ignition wishes to submit, should be separately noticed and docketed before the Court contemplates any further action in this case.

### III. CONCLUSION

For the reasons above, Plaintiff Ignition Athletic Performance Group, LLC's Motion for Entry of Default Judgment (doc. #4) is **DENIED**.

IT IS SO ORDERED.

                                                ___s/Susan J. Dlott_____
                                                Susan J. Dlott
                                                United States District Judge

---

[2] For instance, there is no indication in the record that Ignition has attempted to serve Speed City or Multi Sport by physically delivering a copy of its complaint and summons to any of Defendants' officers, managers, or general agents, or by mailing those documents to any of Defendants' "usual places of business."